UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-04624-AB-E | Date: | July 29, 2025 |
|---|---|---|---|

| Title: | *Noe Villanueva v. Gruma Corp. et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] **ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Before the Court is Plaintiff Noe Villanueva's ("Plaintiff") Motion to Remand Action to State Court ("Mot.," Dkt. No. 15). Gruma Corporation and Mission Foods Corporation's (collectively as "Employer Defendants") filed an opposition ("Opp.," Dkt. No. 17), and Plaintiff filed a reply ("Reply," Dkt. No. 20). The Court found this matter appropriate for decision without oral argument and vacated the hearing set for July 18, 2025. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Having considered the materials submitted by the parties, and for the reasons indicated below, the Motion is **DENIED**.

I.   BACKGROUND

Plaintiff initiated this action in the Superior Court of California, County of Los Angeles on April 18, 2025 against Defendants Gruma Corporation, Mission Foods Corporation, Rene Doe (an individual, hereinafter "Defendant Rene"), and DOES 1 through 100. *See* Notice of Removal ("NOR" Dkt. No. 1), Ex. 1, Summons and Complaint Packet ("Compl."); Opp. 8:13-14. Plaintiff alleges sexual

orientation harassment in employment (Compl. ¶ 15), sex/gender harassment in employment (*Id.* ¶ 68), and intentional infliction of emotional distress (*Id.* ¶¶146-47) against all Defendants. Also, Plaintiff alleges sexual orientation discrimination in employment (*Id.* ¶ 33), sexual orientation retaliation in employment (*Id.* ¶ 48), sex/gender discrimination in employment (*Id.* ¶ 89), sex/gender retaliation in employment (*Id.* ¶¶ 109-11), whistleblower violations (*Id.* ¶¶ 132-35), and wrongful termination and retaliation in violation of public policy (*Id.* ¶¶ 160-162) against only Employer Defendants and DOES 1 through 100. Plaintiff asserts nine causes of action for various violations of California Government Code, California Labor Code, and California Civil Code.

On April 18, 2025, Defendant removed the action to this Court based on the original jurisdiction of this Court under 28 United States Code ("U.S.C.") sections 1332(a), and removal jurisdiction under 28 U.S.C. section 1446. NOR ¶ 5, 9. On June 19, 2025, Plaintiff moved to remand the action. *See* Mot.

## II.    LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal court when the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987).

A removing defendant bears the burden of establishing federal jurisdiction. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). A federal district court has diversity jurisdiction over a matter where the amount in controversy exceeds the sum or value of $75,000 and there is complete diversity among opposing parties. 28 U.S.C. § 1332(a)(1).

The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[T]his includes any result of the litigation, excluding interests and costs, that 'entails a payment' by the defendant." *Gonzales v. CarMax Auto Superstores*, LLC, 840 F.3d 644, 648 (9th Cir. 2016). "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transportation Co. of Arizona*, LLC, 899 F.3d 785, 793 (9th Cir. 2018). "[I]n assessing the amount in controversy, a court must 'assume that the allegations of

the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.' " *Campbell v. Vitran Exp., Inc.*, 471 Fed. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

In determining the amount in controversy, courts first look to the allegations in the complaint. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). But "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,]" courts apply a preponderance of the evidence standard, which requires the defendant to provide evidence showing that it is more likely than not that the $75,000 amount in controversy is met. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition" and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). "[A] damages assessment may require a chain of reasoning that includes assumptions ... [but] those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Ibarra*, 775 F.3d at 1199.

To meet this burden as to the amount in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)). Only "when the plaintiff contests, or the court questions, the defendant's allegation" must the defendant submit evidence to establish the amount in controversy by a preponderance of the evidence. *Id.* at 89 (citing 28 U.S.C. § 1446(c)(2)(B)); *see Ibarra*, 775 F.3d at 1195; *Harris v. KM Industrial, Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) ("When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million jurisdictional threshold.").

Complete diversity exists only when "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). For purposes of diversity jurisdiction, individuals' state citizenship is "determined by [their] state of domicile": the place where they "reside[] with the intention to remain[.]" *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Any doubt about the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." (citation omitted)); *Sandoval v. Republic Servs., Inc.*, No. 2:18-cv-01224-ODW(KSx), 2018 WL 1989528, at *2 (C.D. Cal. Apr. 24, 2018). A removal's propriety "may later be tested in the federal court, either on a motion by a party to remand, or by the court on its own motion." *Libhart*, 529 F.2d at 1065.

### III. DISCUSSION

Plaintiffs argue that this case must be remanded because: (1) citizenship of Defendant Rene defeats complete diversity and (2) Employer Defendants fail to provide evidence establishing that the controversy in this case is over $75,000. Mot. 2:12-21.

#### 1. Citizenship of Defendants with Fictitious Names Is Irrelevant

It is not contested that Plaintiff is a citizen of California, and Employer Defendants are both citizens of Nevada and Texas. Mot. 2:13-15; Opp. 9:27-10:9. Plaintiff asserts that the citizenship of Defendant Rene described in the Complaint defeats complete diversity because they are both citizens of California. Mot. 2:12-19. However, 28 U.S.C. § 1441 provides that "the citizenship of defendants sued under fictitious names shall be disregarded." *See* 28 U.S.C. § 1441(b)(1); *see also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant **only if and when the plaintiff seeks leave to substitute a named defendant**.") (emphasis added); *Goldsmith v. CVS Pharmacy, Inc.*, No. CV 20-00750-AB (JCX), 2020 WL 1650750, at *4 (C.D. Cal. Apr. 3, 2020) ("the Court must disregard the citizenship of the Doe Defendants for removal purposes"). In this case, Defendant Rene has been sued under the moniker "Rene Doe." *See generally*, Compl. Because Defendant Rene has been sued under a fictitious name, the Court must disregard indicia of his citizenship unless and until plaintiff seeks leave to substitute a named defendant.

Plaintiff argues that when allegations give a "definite clue" about the

identity of a fictitious defendant, the Court should consider their citizenship. Reply 2:13-3:9. However, the appellate authority from which the "definite clue" standard arose can be tracked back to 1982. *See Mason v. Home Depot U.S.A., Inc.*, 2024 WL 3029500, at *3 (C.D. Cal. June 17, 2024) (quoting *Sandoval*, 2018 WL 1989528, at *3 (quoting *Collins v. Garfield Beach CVS, LLC*, 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017) (quoting *Brown v. TranSouth Fin. Corp.*, 897 F.Supp. 1398, 1401 (M.D. Ala. 1995) (quoting *Tompkins v. Lowe's Home Center, Inc.*, 847 F.Supp. 462, 464 (E.D.La.1994) (citing *Green v. Mutual of Omaha*, 550 F.Supp. 815, 818 (N.D.Cal.1982) (**relying on *Hartwell Corp. v. Boeing Co.*, 678 F.2d 842 (1982 9th Cir.) to hold that when "a definite clue as to the identity of the fictitious defendant" is given, their citizenship should be considered**))))). The 1982 *Hartwell* case was decided before the amendment to 28 U.S.C. § 1441(a) (Pub.L. 100-702, Title X, § 1016(a), Nov. 19, 1988, 102 Stat. 4669) which added: "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." The language concerning "defendants sued under fictious names" was later moved to 28 U.S.C. § 1441(b)(1). Pub.L. 112-63, Title I, § 103(a), Dec. 7, 2011, 125 Stat. 759. Thus, the "definite clue" standard relies on an outdated appellate interpretation of U.S. Code. Despite a split among district courts in interpreting 28 U.S.C. § 1441(b)(1), and the significant amount of identifying information provided for Defendant Rene, the clear language of 28 U.S.C. § 1441(b)(1) and that of the *Soliman* court requires this Court to disregard the citizenship of Defendant Rene at this stage. *See, e.g., Roe SL 48 v. Doe 1*, No. 2:25-00436 MWC (EX), 2025 WL 987198, *2 (C.D. Cal. Mar. 31, 2025) ("There is no reason to ignore the plain language, particularly when '[r]emoval statutes are strictly construed, and any doubt about the right of removal requires resolution in favor of remand.'") (quoting *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024)). Therefore, no matter how definite the clue, the Court must disregard indicia of his citizenship unless and until plaintiff seeks leave to substitute a named defendant. Accordingly, there is complete diversity in this case.

### 2. The Amount in Controversy Exceeds $75,000

Plaintiff seeks damages for severe and permanent emotional and/or mental distress medical expenses, lost earnings, prejudgment interest, punitive damages, and attorneys' fees. Compl. ¶¶ 20-26, 37-43, 55-61, 74-80, 96-102, 116-122, 136-143, 151-157, 168-174, Prayer for Relief. These allegations serve as the basis for Defendant's calculation of the amount in controversy. NOR ¶¶ 15, 17, 21, 23, 25, 29, 36.

Plaintiff claims Employer Defendants calculations of the amount in controversy do not satisfy the standard of preponderance of evidence for failure to address the potential of yet-to-be-alleged mitigated losses or other damages. However, binding precedent counsels against considering affirmative defenses such as mitigation in determining the amount in controversy. *See Greene v. Harley-Davidson*, 965 F.3d 767, 774 (9th Cir. 2020) ("The district court erred in considering the merits of ... affirmative defense to determine the amount in controversy."); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("[T]he amount in controversy reflects the maximum recovery the plaintiff could reasonably recover."); *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("[J]ust because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense."). "[I]f a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction." *Geographic Expeditions*, 599 F.3d at 1108. Accordingly, the Court rejects Plaintiff's contention that Employer Defendants calculations are invalid because they fail to account for potential mitigation. *See id.; Jackson v. Compass Grp. USA, Inc.*, 2019 WL 3493991, at *4 (C.D. Cal. July 31, 2019) ("[M]itigation of damages is an affirmative defense, and a potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction.") (internal citations and quotations omitted).

Plaintiff also claims Employer Defendants calculations of the amount in controversy are "arbitrary," "subjective," and "self-serving" which means the sums do not satisfy the standard of preponderance of evidence. Reply 4:24-5:4. Plaintiff does not point to any authority, the Notice of Removal, or anywhere in the Opposition in articulating these claims. For the following reasons, in making calculations, Employer Defendants provide a chain of reasoning that includes assumptions with reasonable ground underlying them. *Ibarra*, 775 F.3d at 1199.

### A. Lost Earnings

Plaintiff seeks to recover an unspecified amount of "loss of earnings and future earning capacity." Compl. ¶¶ 25, 42, 60, 79, 101, 121, 142, 156, 173. Employer Defendants contend that Plaintiff could potentially seek $81,972.48 in lost wages, exclusive of lost benefits and any future wages, based on Plaintiff's undisputed weekly salary at the time employment ended ($853.88 per week ) (*See* Declaration of Horacio Gaitan in Support of Defendant's Notice of Removal, ¶

6(b) and the length of time from Plaintiff's termination through a trial date estimated to be one year after removal (approximately ninety-six weeks). *See* NOR ¶ 17, 19, 20; *Ulloa v. California Newspaper Partners*, 2021 WL 6618815, at *6 (C.D. Cal. Oct. 21, 2021) ("district courts consistently have included as part of the amount in controversy future wages up to the expected date of trial in this action") (collecting cases); *Reese v. Daikin Comfort Techs. Distribution, Inc.*, 729 F. Supp. 3d 980, 987 (C.D. Cal. 2024) ("courts in employment cases have found that a year from the date of removal is a conservative estimate for front pay") (collecting cases). Thus, Defendant's assessment of lost earnings is not "arbitrary," but instead looks to the allegations of the complaint, has assumptions supported by caselaw, and has calculations that follow a "chain of reasoning."

In sum, considering only the lost earnings through trial, the Court finds that the Employer Defendants have established by a preponderance of evidence that the amount in controversy exceeds $75,000. Because the Court finds that the amount in controversy exceeds $75,000 with the lost wages alone, it need not determine the amount at stake with respect to civil penalties, emotional distress, attorneys' fees, or punitive damages.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED**.